IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **22-11057-JJ**

United States of America,

Appellee,

- versus -

Jon Ruggles,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

BRIEF FOR THE UNITED STATES

Juan Antonio Gonzalez
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
561-209-1048

Lisa Tobin Rubio
Chief, Appellate Division

Daniel Matzkin
Assistant United States Attorney

Brandy Brentari Galler
Assistant United States Attorney
Of Counsel

## United States v. Jon Ruggles, Case No. 22-11057-JJ

## Certificate of Interested Persons

In compliance with Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1 and 28-1, the undersigned certifies that the list set forth below is a complete list of the persons and entities previously included in the CIP included in the appellant's initial brief, and also includes additional persons and entities (designated in bold face) who have an interest in the outcome of this case and were omitted from the appellant's CIP.

**Brannon, Hon. Dave Lee**

Cannon, Hon. Aileen M.

Fajardo Orshan, Ariana

**Galler, Brandy Brentari**

Geiger, Brett

Gonzalez, Carlos

**Gonzalez, Juan Antonio**

**Matzkin, Daniel**

**Reinhart, Hon. Bruce E.**

Rubio, Lisa Tobin

Ruggles, Jon

**United States v. Jon Ruggles, Case No. 22-11057-JJ**

**Certificate of Interested Persons**

United States of America

s/ *Brandy Brentari Galler*
Brandy Brentari Galler
Assistant United States Attorney

## Statement Regarding Oral Argument

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

## Table of Contents

**Page:**

Certificate of Interested Persons  ......................................................  c-1

Statement Regarding Oral Argument  ................................................  i

Table of Contents  ...........................................................................  ii

Table of Citations  ..........................................................................iv

Statement of Jurisdiction  ...............................................................vi

Statement of the Issue ..................................................................... 1

Statement of the Case:

    1.    Course of Proceedings and Disposition in the Court Below  ............ 1

    2.    Statement of the Facts  ...................................................... 7

    3.    Standard of Review  .......................................................... 7

Summary of the Argument  ................................................................ 7

# Table of Contents

## (continued)

**Page:**

Argument and Citations of Authority:

      Summary Judgment is Required Because the Record Contains No

      Genuine Issue of Material Fact......................................................... 8

Conclusion ........................................................................................ 16

Certificate of Compliance .................................................................. 17

Certificate of Service ....................................................................... 17

## Table of Citations

**<u>Cases</u>:**                                                              **<u>Page</u>:**

*Celotex Corp. v. Catrett*,

477 U.S. 317 (1986) .........................................................................9, 10

*Clark v. Coats & Clark, Inc.*,

929 F.2d 604 (11th Cir. 1991) ..................................................................10

*Jeffery v. Sarasota White Sox, Inc.*,

64 F.3d 590 (11th Cir. 1995) ....................................................................10

*Kolodziej v. Mason*,

774 F.3d 736 (11th Cir. 2014) ..................................................................10

*Mize v. Jefferson City Bd. of Educ.*,

93 F.3d 739 (11th Cir. 1996) ............................................................ 10, 13

*Rioux v. City of Atlanta*,

520 F.3d 1269 (11th Cir. 2008)..................................................................10

*Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678 (11th Cir. 2014)....................................................................13

*Schwartz v. Florida Bd. of Regents*,

807 F.2d 901 (11th Cir. 1987)............................................................ 7, 10, 11

*Skrtich v. Thornton*,

280 F.3d 1295 (11th Cir. 2002)...................................................................7

**Table of Citations**

**(Continued)**

**Cases**:                                                              **Page**:

*U.S. Commodity Futures Trading Comm'n v. Southern Trust Metals, Inc.*,

  894 F.3d 1313 (11th Cir. 2018)..............................................................15

*United States v. Corbett*,

  921 F.3d 1032 (11th Cir. 2019)..............................................................13

*United States v. Massey*,

  443 F.3d 814 (11th Cir. 2006)................................................................13

*Valencia Center, Inc. v. Publix Super Markets, Inc.*,

  464 So. 2d 1267 (Fla. 3d DCA 1985) ....................................................14


**Statutes & Other Authorities**:                                        **Page**:

28 U.S.C. § 1291 ............................................................................... vi

28 U.S.C. § 1331 ............................................................................... vi

Fed. R. App. P. 4 ............................................................................... vi

Fed. R. App. P. 26.1 ................................................................. c 1 of 2

Fed. R. App. P. 32 .............................................................................17

Fed. R. Civ. P. 56 ...........................................................................7, 9

**Statement of Jurisdiction**

This is an appeal from a final decision of the United States District Court for the Southern District of Florida in a civil case. The district court had jurisdiction pursuant to 28 U.S.C. § 1331, 2241(a), and 2241(c)(1). The district court entered judgment on March 4, 2022 (DE58). Ruggles filed a timely notice of appeal on April 1, 2022 (DE60); *see* Fed. R. App. P. 4(a). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

**Statement of the Issue**

Whether the record contains a genuine factual dispute about whether the parties had agreed, but excluded from a written administrative order documenting an underlying settlement agreement, that Ruggles only needed to comply with the payment schedule if certain conditions occurred.

**Statement of the Case**

1. **Course of Proceedings and Disposition in the Court Below**

   **A. The Commodity Futures Trading Commission ("CFTC") Order**

   In 2016, the CFTC alleged that from March through December 2012, Ruggles used nonpublic information obtained through his employment[1] to personally trade crude oil futures and options, heating oil futures and options, and gasoline futures on the New York Mercantile Exchange ("NYMDX"), resulting in ill-gotten trading profits exceeding $3.5 million (DE1-3:2).

   The CFTC and Ruggles eventually reached a settlement (DE1-3:1). Ruggles agreed to pay a civil monetary penalty of $1.75 million and a disgorgement of about $3.5 million (DE1 at ¶ 3). The CFTC issued an order documenting the agreement, which also required Ruggles to pay post-judgment interest at an annual rate of 0.60% (DE1 at ¶ 3). Ruggles consented to the entry of the order (DE1-3 at n.1).

   ---

   [1] Ruggles's job was to develop and execute his employer's fuel hedging strategy (DE1-3:3).

The order obligated Ruggles:

1. to pay $1,051,261 on the date of entry of the order,

2. to pay $650,000, plus post-judgment interest, within 6 months,

3. to make five $600,000 payments, plus post-judgment interest, within 12, 18, 24, 30, and 35 months,

4. to make a final payment of $550,045, plus post-judgment interest, within 42 months

(DE1-3:11; DE35-4:12). The order also provided that "[i]f any payment is not made by the date the payment is required by this Order, the entire outstanding balance of the Disgorgement Obligation and the [civil monetary penalty] Obligation, plus any additional post-judgment interest, shall be due and payable immediately" (DE1-3:11). And the order specified that acceptance of "any partial payment . . . shall not be deemed a waiver of [Ruggles's] obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance" (DE1-3:13 at ¶ 4).

## B. The Enforcement Litigation

Four years later, Ruggles had paid less than $1.5 million toward his $3.5 million disgorgement obligation and nothing toward his $1.75 million civil monetary penalty (DE1-4). The United States sent Ruggles a demand letter stating the amounts owed and advising that it would file a lawsuit to recover the total amount due if the

full debt was not satisfied within ten days (DE1 at ¶ 5; DE1-5). When Ruggles failed to pay the balance owed, the United States filed a civil complaint (DE1).

In his answer, Ruggles alleged that "his original settlement with the CFTC was premised on two assumptions: (1) that the amounts paid towards the disgorgement would be deductible from his overall tax liability in the U.S. and (2) that he would be able to realize a certain degree of efficiency given that he resided in the U.S. but earned the bulk of his income from Canada" (DE12:2). He said that "[t]he combination of U.S. tax laws and the aggressive over-withholding of income by the Canadian tax authorities severely impacted [his] ability to pay" (DE12:2).

The parties filed a Joint Statement of Undisputed Facts (DE35). They agreed that all their communications about the administrative proceeding and payment obligations "took place electronically, via email" (DE35 at ¶ 14). And they attached three pages containing seven emails exchanged between Ruggles and CFTC Chief Trial Attorney Thomas Simek (DE35-7).

In a message on February 12, 2018, Ruggles wrote that "[w]hen [he] agreed to [the] settlement agreement in 2016, [he] based [his] cash forecast on 1) deducting disgorged money and 2) having reasonable tax efficiency," which had "not gone to plan, although [he was] reasonably confident that both will work out in the end" (DE35-7:3). He also wrote that he expected to "have more than adequate funds available to true-up [his] obligation" upon "the eventual sale of North Atlantic . . . a

company worth at least $600 million . . . of which [he] own[s] approximately 7%" (DE35-7:3).

The CFTC attorney responded, "We appreciate the additional information you provide" and asked whether he was "now in a position to make some payment toward the settlement" (DE35-7:2). Ruggles wrote of "a laborious and slow process" related to his earnings but expressed that "[t]here is light at the end of the tunnel and returning to a normal payments schedule should be soon" (DE35-7:2). The CFTC attorney responded, "We appreciate the challenges you are facing, but in order to demonstrate that you intend to abide by the payment plan set forth in the settlement order, and to avoid a determination that the amount you owe is uncollectible, it will be important for you to make a payment . . . this quarter" (DE35-7:2). Ruggles replied, "there will be a payment made soon" (DE35-7:1).

Nearly two months later, the CFTC attorney sent Ruggles a message that "[t]he end of the second quarter is fast approaching," and without a payment by the end of the quarter, "the Division of Enforcement will consider whether to make a determination that your outstanding balance on the settlement obligation is uncollectible and should be referred for collection" (DE35-7:1). The final email from Ruggles conveyed that he made a payment the prior week and would check to verify its delivery (DE35-7:1).

4

After mediation efforts failed (DE27), the United States moved for summary judgment (DE37). It argued that it was entitled to judgment as a matter of law because Ruggles breached "the unambiguous requirements of the CFTC order" (DE37:8). It noted the undisputed fact that Ruggles had only paid $1,471,261 (DE37:4 (citing Joint Statement of Undisputed Facts; DE35 at ¶ 12)).

Ruggles opposed summary judgment (DE41). He maintained that the record supported a genuine issue of material fact related to an affirmative defense "that his performance under the settlement agreement depended on the occurrence of certain contingencies which the government knew of and approved at the time of the settlement" (DE41:2–3). He referenced emails he exchanged with the CFTC in 2018 for support (DE41:3–4).

The United States emphasized in its reply that Ruggles "presented no proof that his obligation to pay under the CFTC order was contingent upon his financial circumstances" (DE48:3 (noting that the 2018 emails, which were exchanged long after the CFTC order, did not show that Ruggles's obligation to pay was limited by any contingency)).

## C. The District Court Order

After the parties presented brief argument during a hearing (DE68), the court issued a written order granting summary judgment. The court summarized the facts presented in the Parties' Joint Statement of Undisputed Facts (DE35), the

government's Statement of Undisputed Material Facts (DE36), and Ruggles's Response to the government's Statement of Material Facts (DE42) and articulated the legal standard for evaluating a summary judgment motion (DE56:1–6). It concluded that the United States was entitled to summary judgment (DE56:6).

It noted undisputed facts: that the terms of the CFTC Order required full payment of the disgorgement obligation within 42 months, that Ruggles had paid only part of that obligation and made no payment since June 2018, and that the CFTC Order provided that a missed payment would result in the entire outstanding balance becoming immediately due (DE56:6–7). It rejected Ruggles's two arguments against summary judgment: that the payment schedule was based on "certain contingencies," and that he had an affirmative defense of "frustration of purpose" or "commercial frustration" (DE56:7).

First, relying on "the clear terms of the CFTC Order" (DE56:7), the court observed that it contained no "qualifying language allowing for late or missed installment payments, much less any mention of either contingency referenced by Ruggles" (DE56:8). It noted that the 2018 emails lacked "any contemporaneous evidence of the parties' intent to condition the settlement on any contingencies or to otherwise modify the plain terms of the CFTC Order" (DE56:9). And it explained that the CFTC never endorsed or adopted Ruggles's alleged assumptions (DE56:9).

Thus, it ruled that no record evidence supported Ruggles's characterization of the settlement agreement (DE56:10).

Second, the court ruled that Ruggles failed to establish a frustration defense because his financial challenges were foreseeable and the value of counter-performance was not destroyed (DE56:10–15).

## 2.     <u>Statement of the Facts</u>

All relevant facts are included in the previous section.

## 3.     <u>Standard of Review</u>

This Court reviews a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The district court's construction of a settlement agreement is also reviewed de novo. *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).

## Summary of the Argument

Ruggles does not dispute that he must pay the CFTC over $5 million since he used nonpublic information to obtain over $3.5 million in ill-gotten stock market trading profits. Nor does he dispute that has not complied with the repayment schedule set forth in the CFTC order to which he consented. His singular dispute is

that his nonpayment does not violate the order because certain conditions—which appear nowhere in the written order or anywhere else in the record—exempt him from compliance.

The CFTC is entitled to summary judgment because Ruggles has presented no record evidence that any conditions limit his payment obligation. First, the written order makes no mention of any exceptions to the detailed payment schedule. Second, contrary to Ruggles' position, the post-order emails he exchanged with counsel representing the CFTC do not create the factual question that he claims they do. With no record evidence suggesting that the parties intended to disregard the payment schedule in some cases, Ruggles's opposition to summary judgment is meritless.

Finally, Ruggles fails to properly present an argument that an affirmative defense of frustration precludes summary judgment. Even so, he loses on the merits because he concedes that he foresaw that financial challenges might prevent him from complying with the payment schedule. And no record evidence suggests that the CFTC agreed that the payment schedule applied only in some cases.

## Argument

### Summary Judgment is Required Because the Record Contains No Genuine Issue of Material Fact.

Ruggles argues that the district court "substituted its preference for one interpretation of the record evidence over another reasonable view" (Br. at 13). But the district court did not—and this Court need not—engage in weighing any

evidence to resolve this case because nothing in the record, including the 2018 email exchange between Ruggles and the CFTC attorney, suggests that the payment schedule was subject to any contingency.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It should be granted when the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56.

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials, and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Id.* at 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence to support some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24.

Once this initial burden is met, the other party must "go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for

trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324. All evidence and factual inferences reasonably drawn from it must be viewed in the light most favorable to the nonmoving party. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008).

Genuine disputes are "those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

This record involves no genuine factual dispute. The CFTC order, which embodied the settlement agreement, never mentioned Ruggles's alleged contingencies. And the post-agreement emails do not support his claim that the parties intended any exceptions to the payment schedule.

"A settlement agreement is a contract" and is governed by principles of general contract law from the applicable state. *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). *See also Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014) ("[T]he district court properly applied Florida law to Kolodziej's breach-of-contract claim, [and] we too look to the substantive law of the State of Florida").

Under Florida law, "[w]ords in a contract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement." *Schwartz*, 807 F.2d at 905 (citations omitted). "Nor is the court to add . . . terms that were not contemplated by the parties." *Id*. (citation omitted). "The court's role is to determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question, and the circumstances prevailing at the time of the agreement." *Id*. (citation omitted).

The plain language of the CFTC order contains no mention of any contingencies. Ruggles concedes that much. The agreement's lack of express conditions sets a high hurdle for a colorable claim that such exceptions existed because "[i]t is not for a court to read terms into the settlement agreement that are not explicitly stated." *Id*. at 906.

But that does not stop Ruggles from trying. He maintains that, despite the order's silence on any exceptions, the parties agreed when the order was signed that the payment schedule "depended upon the satisfaction of certain contingencies which the CFTC knew about and accepted" (Br. at 18). Yet he presents no evidence that the parties' agreement extended beyond what the CFTC order incorporated.

He points to post-agreement emails for support (Br. at 13–18). In one message, he wrote, "When I agreed to our settlement agreement in 2016, I based my

cash forecast on 1) deducting disgorged money and 2) having reasonable tax efficiency" (DE35-7:3). He argues that "[t]he communication . . . clearly references [his] understanding of the terms of the parties' agreement at the time that the CFTC order was signed" (Br. at 15). Not so. The statement reflects how he calculated that he could comply with the payment schedule; it does not suggest that he believed he was relieved of his obligation to pay the agreed upon amounts by the agreed upon times. And it does not even whisper that the CFTC intended to allow any exception. His message falls far short of establishing a genuine issue of material fact about whether the parties intended for the payment schedule to apply only in some cases.

He also argues that the CFTC attorney's response asking if he was "in a position to make some payment" without demanding full payment creates a genuine issue of material fact because it "could easily be read as a recognition that [his] ability to pay depended on the aforementioned contingencies" (Br. at 16–17). But that argument misses the point. The issue is whether the agreement allowed an exception for an inability to pay. And nothing about the CFTC's inquiry of whether Ruggles intended to make an already-missed payment tends to prove that the parties agreed at the time of the order that certain circumstances would freeze the payment schedule. While the CFTC attorney's response recognized that Ruggles claimed to suffer a financial challenge, such an acknowledgment does not imply that the settlement agreement provided an escape clause for cash-flow difficulties.

In sum, the record contains no basis for Ruggles's claim that the payment schedule set forth in the CFTC order depended on any unspoken conditions. So he fails to show any genuine issue of material fact. Neither his emails nor the responses from the CFTC attorney create a genuine factual dispute founded on a "real basis in the record." *Mize*, 93 F.3d at 742. Thus, summary judgment is required.

To the extent that Ruggles tries to argue that the affirmative defense of frustration precludes summary judgment, he fares no better. First, he fails to make the argument sufficiently to warrant this Court's review. *See United States v. Corbett*, 921 F.3d 1032, 1034 (11th Cir. 2019) (ruling that appellant's "initial brief fails properly to raise this distinct argument on appeal" by including only "a single paragraph in her initial brief" that did not cite the applicable law). At the appellate stage, a defendant abandons arguments that are not "plainly and prominently" raised in the argument section of the initial brief, that are raised "in a perfunctory manner without supporting arguments and authority," or that are made only as "passing references" that are "background to other arguments or [are] buried within other arguments, or both." *Id*. (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)). To present an issue properly for review, an appellant must make explicit "the legal basis for the objection" and the "legal theory" that supports it. *Id*. (quoting *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006)).

Ruggles makes only a single mention of "commercial frustration" near the end of his brief (Br. at 17). He criticizes the district court for weighing the evidence before granting summary judgment despite the affirmative defense (Br. at 17–18). He recognizes that "the district court focuses on the legal implausibility of the defense" (Br. at 17), but he does not set forth the requirements for establishing the defense or show how he met them. That deficiency fails to properly present the issue for this Court's review.

And even if this Court considers the merits of the argument, the defense does not preclude summary judgment here for two reasons. First, Ruggles concedes that he anticipated at the time of the settlement agreement that financial challenges might impact his ability to pay (DE35-7:3) ("When I agreed to our settlement agreement in 2016, I based my cash forecast on 1) deducting disgorged money and 2) having reasonable tax efficiency"). Such foreseeability defeats a frustration defense. *See Valencia Center, Inc. v. Publix Super Markets, Inc*. 464 So. 2d 1267, 1269 (Fla. 3d DCA 1985) ("The doctrine of commercial frustration is limited to cases where performance is possible but an alleged frustration, which was not foreseeable, totally or nearly totally destroyed the purpose of the agreement").

Second, for the reasons stated above, Ruggles failed to establish a genuine factual dispute that the parties agreed that the detailed payment schedule laid out in the CFTC order depended on any factors that impacted Ruggles's ability to pay. In

short, even if Ruggles "based his cash forecast" on certain assumptions, he presented no record evidence that the CFTC agreed to suspend the payment schedule if those expectations did not pan out as he had hoped. Given the lack of evidentiary support for his affirmative defense, this Court should affirm the district court's order granting summary judgment. *See U.S. Commodity Futures Trading Comm'n v. Southern Trust Metals, Inc.*, 894 F.3d 1313, 1324–25 (11th Cir. 2018) (affirming the decision to grant summary judgment against an affirmative defense where "there is no basis in the record for the Defendant's contention"). Without a shred of evidence to support Ruggles's claim that there were exceptions to his payment deadlines, there is nothing for this Court to weigh.

**Conclusion**

For all these reasons, the district court's decision to grant summary judgment should be affirmed.

Respectfully submitted,

Juan Antonio Gonzalez
United States Attorney

By:     s/ *Brandy Brentari Galler*
        Brandy Brentari Galler
        Assistant United States Attorney
        99 N.E. 4th Street, #500
        Miami, FL 33132
        (561) 209-1048
        brandy.galler@usdoj.gov

Lisa Tobin Rubio
Chief, Appellate Division

Daniel Matzkin
Assistant United States Attorney

Of Counsel

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Microsoft Word 2016, 14-point Times New Roman.

## Certificate of Service

I hereby certify that four copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 22nd day of August 2022, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on Carlos F. Gonzalez, Esq.

s/ *Brandy Brentari Galler*
Brandy Brentari Galler
Assistant United States Attorney

*jp*